UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TARA ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| FREEDOM MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      This is an action brought by Plaintiff, Tara Atkinson ("Atkinson"), by counsel, against Defendant, Freedom Mortgage Corporation ("Defendant") alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended 29 U.S.C. §2601 et seq., and the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq*.

### II. PARTIES

2.      At all times relevant to this complaint, Atkinson was a resident of Madison County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

3.      Defendant maintains offices and routinely conducts business in Hamilton County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 626; 29 U.S.C. §2617(a)(2); 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117.

5.    Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b), 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A).

6.    Atkinson was an "employee" as that term is defined by  29 U.S.C. § 630(f), 29 U.S.C. §2611(3), 42 U.S.C.§ 12111(4).

7.    Atkinson has a "disability" as that term is defined by 42 U.S.C. §12102(2). Defendant was aware of Atkinson's disability and/or regarded her as a disabled individual and/or the Defendant has a written record of Atkinson's disability.

8.    Atkinson, at all times relevant, was an "eligible employee," as that term is defined by 29 U.S.C. §2611(2).

9.    Atkinson satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination (Charge No.470-2026-02651) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her disability and retaliation. Atkinson received her Notice of Suit Rights and files this action within ninety (90) days of receipt.

10.    A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

11.    Atkinson was initially hired in 2013 and was moved through various positions until a lay off in 2022 and a subsequent rehire in January of 2024.

12.    At all relevant times, Atkinson met or exceeded Defendant's legitimate performance expectations.

2

13.     In February of 2024,  Atkinson's husband was diagnosed with Stage IV cancer, requiring her to request accommodations in her work schedule to facilitate his care.

14.     Atkinson is also considered disabled under the ADA. As of 2019, she was diagnosed with cataplexy, a type of narcolepsy, that worsens with stress. In  October of 2024, Atkinson was diagnosed with breast cancer. Atkinson's disabilities substantially limit her in one or more major life activities, including commuting to work and basic physical movements.

15.     Defendant was aware of Atkinson's disabilities via her communications with her supervisors and leadership team and her requests for assistance.

16.     In or around October 2024, Atkinson requested changes her schedule to accommodate her and her husband's cancer treatment. These changes included working four (4) ten (10) hour days instead of five (5) eight (8) hour days, and working from home when necessary. These accommodations were granted at the time.

17.     In or around September 2025, Atkinson and her supervisor Jenn Whipple (Whipple) were involved in a leadership meeting.

18.     At this meeting, Whipple pressured Atkinson to reveal personal familial and medical information to the team.

19.     When Atkinson refused and walked out, Whipple revealed Atkinson's personal familial and medical information to the team, most of whom did not need to know of Atkinson's situation.

20.     In or around October of 2025, Atkinson was scheduled for her fifth surgery to treat her cancer.  Atkinson requested FMLA leave for the time that she was scheduled to be out of work for her surgery.

21.    Upon learning about her request for FMLA leave, Whipple began berating her with complaints implying Atkinson's FMLA leave added undue pressure to Whipple's personal life. Whipple also complained profusely about having to absorb and redistribute Atkinson's workload during the FMLA leave.

22.    Whipple began a campaign publicly and privately revealing Atkinson's personal and familial medical information and permitting other staffers to disparage her in relation to her diagnosis's supposed effect on their work.

23.    For example, in November of 2025 Atkinson received a message from a colleague and friend indicating that another team member, Leslie Booher, publicly made the comment, "[Atkinson's] not back yet? Probably at home playing with her new tits."

24.    Atkinson reported this comment and Leslie's continued derogatory treatment of Atkinson's condition to Human Resources and Whipple.

25.    On or about November 16, 2025, Atkinson contacted Whipple informing her of Atkinson's intent to return to work following her FMLA. Whipple asked about the timeline of return and "having to do Atkinson's job for her."

26.    Whipple forbade Atkinson's return; instead, Whipple required Atkinson to take an additional two weeks of leave until Whipple would permit Atkinson back in the office, despite Human Resources verifying Whipple had no authority to deny Atkinson access to work.

27.    On or about December 8, 2025, Atkinson returned to work. Upon Atkinson's return, Whipple began harassing Atkinson about a "timeline" for Atkinson's husband's cancer treatment.

28.    Atkinson informed Whipple she was unable to provide any sort of timeline regarding her husband's treatment as it was highly experimental, sensitive, and unpredictable. This did not stop Whipple from continuing to press Atkinson for information.

4

29.    Between November 16, 2025 and December 22, 2025, Atkinson made multiple reports of Whipple's harassment based on her and her husband's disability and use of FMLA to Human Resources. These reports did not result in improved behavior.

30.    Human Resources failed to investigate or intervene at any juncture despite their knowledge of ongoing issues.

31.    When she returned to work, Jenn Whipple informed Atkinson that Defendant would no longer provide her with accommodations for her disability and that Whipple was "required to treat all of her employees the same."

32.    Atkinson filed a Charge of Discrimination against Defendant on or about February 27, 2026, wherein she complained that she was denied accommodations and discriminated against based on her disability. Atkinson provided notice to Defendant of her filing.

33.    On or about April 14, 2026 Defendant terminated Atkinson's employment.

## V. CAUSES OF ACTION

### COUNT I: ADA – DISABILITY DISCRIMINATION

34.    Atkinson hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint as if the same were set forth at length herein.

35.    Defendant discriminated against Atkinson on the basis of her actual or perceived disability by failing to engage in the interactive process in good faith, and not providing her with a reasonable accommodation, which resulted in the termination of her employment.

36.    Defendant subjected Atkinson to disparate treatment on the basis of her disability.

37.    Defendant terminated Atkinson's employment because she was associated with an individual with a disability.

38.    Defendant's actions were willful, intentional, and done with reckless disregard for Atkinson's rights as protected by the ADA.

39.    Atkinson has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: ADA – DISABILITY RETALILATION

40.    Atkinson hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint as if the same were set forth at length herein.

41.    Atkinson suffers from a disability.

42.    Defendant retaliated against Atkinson for her disability by failing to accommodate her reasonable requests for accommodation, removing any prior accommodations she was granted, and terminating her employment.

43.    Defendant's actions were willful, intentional, and done with reckless disregard for Atkinson's rights as protected by the ADA.

44.    Atkinson has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: FMLA – INTERFERENCE

45.    Atkinson hereby incorporates paragraphs one (1) through forty-four (44) of her Complaint as if the same were set forth at length herein.

46.    Atkinson utilized protected leave as she was entitled to under the FMLA. Defendant has written record of Atkinson's leave of absence.

47.    Defendant unlawfully discriminated against Atkinson by permitting harassment from supervisors and team members relating to her use of FMLA, denying her the ability to come back from leave when appropriate, and ongoing demands for "timelines" related to her husband's highly sensitive conditions.

48.     Defendant's actions were willful, intentional, and done with reckless disregard for Atkinson's rights as protected by the FMLA.

49.     Atkinson has suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: FMLA – RETALIATION

50.     Atkinson hereby incorporates paragraphs one (1) through forty-nine (49) of her Complaint as if the same were set forth at length herein.

51.     Atkinson utilized protected leave as she was entitled to under the FMLA. Defendant has written record of Atkinson's leave of absence.

52.     Defendant exercised her need for protected FMLA leave, and Defendant retaliated against her by permitting harassment from supervisors and team members regarding her leave, denying her the ability to return to work when appropriate, unreasonably demanding timelines related to her husband's highly sensitive treatment, and terminating her employment.

53.     Defendant unlawfully retaliated against Atkinson for using her leave that qualified for protection under the FMLA.

54.     Defendant's actions were willful, intentional, and done with reckless disregard for Atkinson's rights as protected by the FMLA.

55.     Atkinson has suffered damages as a result of Defendant's unlawful actions.

### VI.  REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Tara Atkinson, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.      Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their disability and/or retaliates against any employee after engaging in a protected activity;

2.      Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3.      Award Plaintiff all lost wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4.      Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5.      Award Plaintiff compensatory damages including but not limited to damages for mental, physical, and emotional distress;

6.      Award Plaintiff punitive damages for Defendant's violations of the ADA;

7.      Award Plaintiff liquidated damages for Defendant's willful/intentional violation of the FMLA;

7.      Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8.      Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9.      Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ *Madison Monfreda*
Madison Monfreda, Atty No. 38624-49

8

Andrew Dutkanych III, Atty No. 23551-49
144 North Delaware Street
Indianapolis, Indiana 46204
Office:  (317) 991-4765
Facsimile: (812) 424-1005
E-Mail:  ad@bdlegal.com

*Attorneys for Plaintiff, Tara Atkinson*

## DEMAND FOR JURY TRIAL

Plaintiff, Tara Atkinson, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ *Madison Monfreda*
Madison Monfreda, Atty No. 38624-49
Andrew Dutkanych, Atty No. 23551-49
144 North Delaware Street
Indianapolis, Indiana 46204
Office:  (317) 991-4765
Facsimile: (812) 424-1005
E-Mail:  ad@bdlegal.com

*Attorneys for Plaintiff, Tara Atkinson*